SCANNED at WVCF and Emailed on 3-15-23 by JG — 9 pages. (date) (initials) (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Stanley Wills, )
      Plaintiff, )
 )
vs. )
 )
Centurion Health of Indiana, LLC, ) Case No.: 2:23-cv-119-JRS-MKK
Wexford of Indiana, LLC, )
Samuel Byrd, MD, )
Naveen Rajoli, MD, )
Casey Jacobs-Campbell, FNP, )
Lesa Wolfe, LPN, )
      Defendant(s), )
 )

**FILED**
**03/15/2023**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## COMPLAINT WITH JURY DEMAND

### I. PARTIES

The names and addresses of each Plaintiff and Defendant are as follows:

A. Plaintiff:

Name: Stanley Wills
Identification Number: 990925
Address: W. V. C. F. L-406
        P. O. BOX 1111
        Carlisle, IN 47838

B. Defendant(s):

Name: Centurion Health of Indiana, LLC
Title: Medical Provider
Address: 550 Meridian St., Suite 101
Indianapolis, IN 46204

Name: Wexford of Indiana, LLC
Title: Medical Provider
Address: 302 W. Washington St. Room E334
Indianapolis, IN 46204

Name: Samuel Byrd

Title: Medical Director
Address: Wabash Valley Correctional Facility
P. O. Box 1111
Carlisle, IN 47838

Name: Naveen Rajoli
Title: Medical Doctor
Address: Wabash Valley Correctional Facility
P. O. Box 1111
Carlisle, IN 47838

Name: Casey Jacobs-Campbell
Title: Nurse Practitioner
Address: Wabash Valley Correctional Facility
P. O. Box 1111
Carlisle, IN 47838

Name: Lesa Wolfe
Title: Nurse
Address: Wabash Valley Correctional Facility
P. O. Box 1111
Carlisle, IN 47838

## II.  STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because: 28 U.S.C. § 1331 & 1343. This is a civil action arising under the Constitution of the United States of America.

Supplemental Jurisdiction over this action exist in the United States District Court for the Southern District of Indiana because: 28 U.S.C. § 1367. This is a civil action arising under the Constitution of the United States of America.

If the same facts alleged or claims made in this suit have been previously presented to any other state or federal court in an earlier suit, for each such earlier suit identify the parties, the Court in which it was filed, the docket number assigned to the suit, the status of such earlier suit, (for example: pending, dismissed, set for trial, on appeal, etc.). and the nature of the disposition if the earlier case is closed. N/A

## III.  EXHAUSTION OF AVAILABLE REMEDIES

Plaintiff exhausted his administrative remedies before filing this complaint.

## IV.  CAUSE OF ACTION

State which of your constitutional or federal rights, privileges or immunities have been violated and summarize in one or two sentences what the defendant(s) did to violate your rights in that regard. If you are claiming that more than one of your constitutional rights were violated, use a separate paragraph (ground) for each right, privilege or immunity which was violated. If you have more than three (3) grounds, identify them in a separate attached piece of paper.

Ground 1: The refusal of Defendants Byrd, Rajoli, Jacobs-Campbell, and Wolfe to order an MRI to diagnose the ongoing pain in my right knee is causing a delay in treatment which is deliberately indifferent in violation of the Eighth Amendment.

Ground 2: The refusal of Defendants Byrd, Rajoli, Jacobs-Campbell, and Wolfe to order an MRI to diagnose the ongoing pain in my right knee is causing a delay in treatment which is medically negligent causing a tort in State law.

Ground 3: The refusal of Defendant Wolfe when she refused to allow me to see the doctor on multiple occasions and instead attempted to treat my ongoing knee pain was deliberately indifferent in violation of the Eighth Amendment.

Ground 4: The refusal of Defendant Wolfe when she refused to allow me to see the doctor on multiple occasions and instead attempted to treat my ongoing knee pain was medically negligent causing a tort in State law.

Ground 5: Defendants Centurion Health of Indiana, LLC and Wexford of Indiana, LLC both maintain policies, practices, and customs of cost-cutting and maximizing profits, which impede diagnosis and treatment of potentially expensive medical care which constitutes deliberate indifference in violation of the Eighth Amendment.

Ground 6: Defendants Centurion Health of Indiana, LLC and Wexford of Indiana, LLC both maintain policies, practices, and customs of cost-cutting and maximizing profits, which impede diagnosis and treatment of potentially expensive medical care which constitutes medical negligence causing a tort in State law.

## V. STATEMENT OF FACTS

State here the FACTS of your case. You should outline both the facts on which your suit is based and the particular role of each defendant in those circumstances.

1. On 9/4/2018 I was seen by Nurse Riggs about the pain I was having in my right knee and I was provided education about knee pain.

2. On 10/27/2018 I was seen by Nurse Knepp about the pain in my right knee and was again given education about knee pain.

3. On 11/24/2018 I was seen by Nurse Knepp about my right knee pain and I was referred to the doctor.

4. On 11/28/2018 I was seen by Dr. Byrd and diagnosed me as having Patella Chondromalacia. He ordered me a knee sleeve and ordered Prednisone for 10 days. The doctor also ordered X-rays of my right knee. I requested an MRI. The doctor said if the knee sleeve and the Prednisone were not effective he would order a knee injection of Corticosteroid.

5. On 11/30/18 I had an X-ray taken of my right knee.

6. On 12/6/2018 I was seen by Nurse Riggs and about the results of my X-ray. She referred me to the doctor.

7. On 1/11/2019 I was given an injection of Corticosteroid in my right knee by Dr. Byrd.

8. On 10/12/2019 I was seen by Nurse Chattin about my right knee pain. She referred me to the Doctor.

9. On 11/11/2020 I was seen by Nurse Loveall about the ongoing pain in my right knee. She emailed Dr. Byrd and told me that the doctor said to order ibuprofen off of commissary and wrap my knee with an Ace bandage.

10. On 11/17/2020 I was seen by Nurse McDonald and she referred me to the doctor.

11. On 12/2/2020 I was seen by Dr. Rajoli. I went over my history with him of pain in my right knee. I also requested an MRI. He told me since I was on locked down due to Covid-19 that I should avoid squats, wear a knee sleeve, and walk around for exercise.

12. On 7/7/2021 I was seen by Nurse Riggs. I went over my history with her of pain in my right knee. She again provided education about knee pain and referred me to the doctor.

13. On 7/9/2021 I was seen by Dr. Rajoli. I went over my history with him of pain in my right knee. I also requested an MRI. The doctor prescribed me with Tylenol and advised me not to play sports.

14. On 4/25/2022 I was seen by Nurse Wolfe. I went over my history with her of pain in my right knee and told her the Tylenol was not helping with the pain. She educated me on knee pain, told me to switch from Tylenol to ibuprofen, and gave me an ace wrap for my knee. I asked her to refer me to a doctor.

15. On 5/9/2022 I was seen by Nurse Wolfe. I went over my history with her of pain in my right knee and told her the switch in medicine was not helping with the pain. She ordered an X-ray of my knee. I asked her to refer me to the doctor.

16. On 5/13/22 I had X-rays taken of both of my knees.

17. I put in multiple Health Care Request Forms (HCRF) to go over the results of the X-rays.

18. On 9/12/22 I was seen by Nurse Hobson. I went over my history with her of pain in my right knee and told her the medicine was not helping with the pain. She told me to lose weight, ice my knee, and exercise.

19. On 1/7/2023 I was seen by Nurse Murray. She referred me to the doctor.

20. On 1/11/2023 I was seen by Nurse Jacobs-Campbell. I went over my history with her of pain in my right knee and told her the medicine was not helping with the pain. She said she wanted to try a new medication.

21. On 2/17/23 I was an ultrasound was taken of my right knee.

22. On 2/27/23 I was called out to speak with medical about the results of the ultra sound and they did not speak with me, they gave me the report.

23. On 3/6/23 I went to chronic care and Nurse Jacobs-Campbell increased the dosage of the new pain medication she put me on. She also placed me on medical lay-in to ease the pain in my knee because she was unsure where the pain was coming from. I went over my history with her of pain in my right knee, requested an MRI, and told her the new medicine was not helping with the pain.

24. As of now I am still having chronic knee pain and none of the medications that I have taken or the knee injection has helped. On numerous occasions I have been requesting an MRI.

## VI.   RELIEF

State exactly what relief or action you are requesting through this lawsuit.

1. Declare that the refusal of Defendants Byrd, Rajoli, Jacobs-Campbell, and Wolfe to order an MRI to diagnose the ongoing pain in my right knee is causing a delay in treatment which is deliberately indifferent in violation of the Eighth Amendment.

2. Declare that the refusal of Defendants Byrd, Rajoli, Jacobs-Campbell, and Wolfe to order an MRI to diagnose the ongoing pain in my right knee is causing a delay in treatment which is medically negligent causing a tort in State law.

3. Declare that refusal of Defendant Wolfe when she refused to allow me to see the doctor on multiple occasions and instead attempted to treat my ongoing knee pain was deliberately indifferent in violation of the Eighth Amendment.

4. Declare that the refusal of Defendant Wolfe when she refused to allow me to see the doctor on multiple occasions and instead attempted to treat my ongoing knee pain was medically negligent causing a tort in State law.

5. Declare that Defendants Centurion Health of Indiana, LLC and Wexford of Indiana, LLC both maintain policies, practices, and customs of cost-cutting and maximizing profits, which impede diagnosis and treatment of potentially expensive medical care which constitutes deliberate indifference in violation of the Eighth Amendment.

6. Declare that Defendants Centurion Health of Indiana, LLC and Wexford of Indiana, LLC both maintain policies, practices, and customs of cost-cutting and maximizing profits, which impede diagnosis and treatment of potentially expensive medical care which constitutes medical negligence causing a tort in State law.

7. Award compensatory damages for Plaintiff's physical and emotional injuries, and punitive damages against each Defendant.

8. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

## AFFIRMATION OF PLAINTIFF

Pursuant to 28 U.S.C. § 1746, I, Stanley Wills, declare and verify under penalty of perjury that the foregoing Statement of Facts is true and correct to the best of my knowledge and belief.

3-15-23
Date

Stanley Wills, 990925
W.V.C.F. L-406
P. O. Box 1111
Carlisle, IN 47838

## Certificate of Service

I certify that a copy of the foregoing *Complaint with Jury Demand* was served upon all adverse parties (or their attorneys) via the Court's Prisoner Electronic Filing Program.

Stanley Wills, 990925
W.V.C.F. L-406
P. O. Box 1111
Carlisle, IN 47838